*75 OPINION of the Court, by
Judge Owsiey.-
This writ of error is brought to reverse a judgment obtained by the defendant in error against the plaintiff, in an action brought by the latter against the former in the circuit court of Bourbon. The defendant was called on fey the writ to“ answer “ Samuel Spurgen, administrator *76 of John Robinet, who was also administrator of Joseph. Robinet5” and by the declaration, although in its corn-' mencement the plaintiff is described, as in the writ, the of action is laid in his personal light. To this' ⅛® defendant pleaded, fust, that the plaintiff was not the administrator of Jolm Robinet, and secondly the general issue. To the first of these pleas the plaintiff, ‘demurred, and to the second joined issue to the country. The demurrer being joined, the plea was adjudged good by the court below, and judgment entered in favor of . the defendant.
That j udgment, we are of opinion, can not be sustained. Whether the plaintiff was or was not the administrator of John Robinet, cannot he material with respect to the cause of action in his ow n right. It is true, did it appear by any statement in either the writ or declaration, that the plaintiff sued as administrator, it would not be strictly regular to lay the cause of action in his personal right; but as it does not appear by any allegation that the present plaintiff so sued, and as also his cause, of action is laid in his personal right, although he is named administrator, &c. that should be taken as description of the person sueing, rather than of the character in which he sues — See 1 Chit, on Pleading 253, 2 Black. Rep. 722.
Although, therefore, that description may he a false one, it cannot furnish a bar to the action, and the defendant’s plea to that effect is consequently insufficient.
The judgment must he reversed, the cause remanded to the court below for a trial to be had upon the general issue. •
' The plaintiff must recover his costs in this court.